

Rajiv D. Parikh, Esq.
Partner
rparikh@pemlawfirm.com
*Office:* +1 973.577.5500
*Direct:* +1 973.585.5330

June 2, 2024

**VIA CM/ECF**
Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the
  District of New Jersey (by designation)
c/o United States District Court for the
   Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

      Re:    ***In re : Daniel's Law Compliance Litigation (D.N.J.)***
                 ***Remand Defendants' – Subject Matter Jurisdiction Discovery***

Dear Judge Bartle:

      We write on behalf of Plaintiffs concerning jurisdictional discovery in the Daniel's Law Compliance Litigation actions related to the remand motions pending before Your Honor and to submit a proposed discovery order.

      During the May 7, 2024 conference, Your Honor directed the parties to meet and confer to create a list of jurisdictional discovery documents to be produced by Plaintiffs that could be put into a Court Order requiring their production.

      As part of that meet and confer process, Plaintiffs provided all of the defendants subject to the remand motions (the "Remand Defendants") with a list of the documents they proposed to produce and also a list of topics for a 30(b)(6) witness. Plaintiffs believe that the document list and 30(b)(6) topics are comprehensive and provide the relevant subject matter jurisdiction discovery appropriate in this case.

      Over twenty of the Remand Defendants have proposed no changes[1] to Plaintiffs' proposal, and those Remand Defendants do not appear to have signed onto the letter demands from the

---

[1] We received comments from some Remand Defendants in response to our initial letter and thereafter supplemented our production to address the matters raised by those Remand Defendants.



smaller group of 11 Remand Defendants represented by the Troutman law firm (the "Troutman Defendants"), who demand more[2].

This limited jurisdictional discovery is supposed to focus on the issues raised with the removal and remand filings, and whether there is any factual basis to the Remand Defendants' contention that the assignments to Atlas were somehow collusively made to destroy the jurisdiction of the Court. That comes straight out of the statute, 28 U.S.C. § 1359, and the Remand Defendants' Notices of Removal (and improperly filed "Amended Notices of Removal"). The focus of the inquiry – and any discovery – is whether the assignments involved collusion about the diversity jurisdiction of the Court. *O'Brien v. AVCO Corp.*, 425 F.2d 1030, 1034 (2d Cir. 1969) ("The purpose of [§ 1359 is] to prevent agreements whose primary aim [is] to vest the court with a jurisdiction it had not formerly enjoyed.").

Plaintiffs object to the Troutman Defendants' broad document requests because they trawl far beyond the narrow waters before the Court and because they seek to engage in a wholesale and disproportionate discovery process that would necessarily involve disputes regarding scope, definitions, time frames and sources and the Court's resolution of thos demands and objections, as well as the production of privilege logs and the resolution of assertions of privilege.

Plaintiffs submitted two letters listing the comprehensive documents they want to produce relating to the assignments and the diversity jurisdiction of the Court. After meeting and conferring, Plaintiffs have expanded that list. Plaintiffs propose providing the Remand Defendants with the following (non-privileged) documents:

1. All versions of the Atlas Daniel's Law Service Terms for the period starting before the first at-issue non-disclosure to the date of the last filed Complaint (the "Relevant Period") that were provided to the assignors, which include the provisions for all non-disclosure requests at issue in these actions and the assignment provision for all assignments at issue in the pending motions to remand.

2. Agreements referenced in the above Atlas Daniel's Law Service Terms that apply to the assignors, including:

    a. All versions of the Atlas Privacy Policy for the Relevant Period that were provided to assignors; and

    b. All versions of the Atlas Service Terms for the Relevant Period that were provided to the assignors.

---

[2] Attorneys from the Vedder Price law firm, who represent two (2) defendants, participated in one of the meet and confer calls and appear to take a similar, if not the same, position as the Troutman Defendants.

Hon. Harvey Bartle, III, U.S.D.J.
In re: Daniel's Law Compliance Litigation (D.N.J.)
June 2, 2024
Page 3 of 6



3. All versions of templates for the Assignment Confirmation for the Relevant Period that were provided to the assignors, including all assignments to Atlas at issue in the pending consolidated motion to remand.

4. Contracts between Atlas and law enforcement unions/ associations based in New Jersey.

5. A list unique to each Remand Defendant of all Covered Persons who received a written Assignment Confirmation regarding assignment of their claims against that Remand Defendant, including (a) the name of the Covered Person, (b) the type of occupation or relationship covered by Daniel's Law, (c) the date of the Assignment Confirmation, and (d) the personal information included in the non-disclosure requests that those Covered Persons transmitted to that specific Remand Defendant. For Remand Defendants with multiple websites, a list will be provided for each site.

6. Documents in Atlas's possession concerning the citizenship of any of the Remand Defendants as related to subject matter jurisdiction (excluding basic contact information). *NB: there are none*.

7. Documents in Atlas's possession concerning the subject matter jurisdiction of the court. *NB: there are none*.

Plaintiffs propose the following topics for a 30(b)(6) deposition:

a. Documents produced in response to the categories listed above in so far as the questions are relevant to subject matter jurisdiction.
b. Atlas's business interests in enforcing Daniel's Law in so far as it relates to the issue of any allegations of "shams" or "collusion" to avoid federal court jurisdiction.
c. Atlas's decision to incorporate in the State of Delaware.
d. The process for the assignments to Atlas by the Covered Persons.
e. The assignments provided by individuals included in the Covered Person's Lists provided by Atlas to the Remand Defendants.
f. An explanation of the services that Atlas provides to its users, including the Covered Persons.
g. Whether there was any consideration by Atlas or any discussion by Atlas with any Covered Persons regarding whether the assignments would in any way impact the jurisdiction of the courts in any of these actions.



As to the scope of discovery, Plaintiffs agree with the Troutman Defendants that the discovery should provide information about the nature of the assignments, and even the "factors" considered in the *Long John Silver's* case: whether the assignor retained a substantial interest in the litigation and whether the assignee is paying for legal fees and/or directing the litigation. *See Long John Silver's, Inc. v. Architectural Eng'g Prod. Co.*, 520 F. Supp. 753, 756 (W.D. Pa. 1981). All that information can be gleaned from the documents Plaintiffs propose producing and from the proposed 30(b)(6) deposition. Even the other information that the Troutman Defendants claim is relevant can also be fully determined from Plaintiffs' proposed documents and deposition topics, including the comparative size of the interest being assigned; whether the assignee held any interest in the litigation before the assignment; whether the assignor and assignee are controlled by the same party; whether the assignment occurred shortly before the litigation commenced; and whether the assignment represents what is essentially a contingent fee arrangement for collection work.

The Troutman Defendants agree that the Plaintiffs proposals cover and satisfy many of their document requests. The extra documents that the Troutman Defendants demand go far from the limited subject matter jurisdiction inquiry at issue and even far from the factors that they claim are relevant. As noted above, the discovery must relate to the core issue of whether the assignments were collusively made to affect the diversity jurisdiction of the Court. There is important factual and legal context to that issue that is already before the Court that must inform the proportionality analysis and scope of this discovery. First, Daniel's Law itself provides for assignments. A New Jersey Superior Court Judge recently explained the salutary purpose of the assignments: "The assignment provision the court observes is really designed to provide the covered person with a mechanism to enforce the legal rights without incurring attorney fees and costs and with minimal investment in time while simultaneously giving the assignee a financial incentive to pursue the claim." *See Atlas Data Privacy Corp. v. LexisNexis Risk Data Management LLC, et al.*, Civ. Action No.: 24-6160 (HB), Docket Entry No. 9-4 (Excerpts of Transcript of Ruling on Motion to Dismiss in *Atlas Data Privacy Corp. v. REIPro, Inc., et al.,* pp. 70–71 (attached to the Certification of Rajiv D. Parikh, Esq. at Ex. G )).

Second, Daniel's Law has always provided that "the covered person or the covered person's assignee … may bring a civil action in the [N.J.] Superior Court." *N.J.S.A.* 56:8-166.1(b).

Third, the Troutman Defendants have not identified a single fact, inference, or rumor to suggest that Atlas and the over 19,000 covered persons entered into assignments collusively to destroy the diversity jurisdiction of the Court as to an undefined, ad hoc group of 40 Defendants out of the 70 Defendants that removed these actions to federal court and out of the over 100 parties that were sued for failing to violating Daniel's Law.

That context demonstrates why the Troutman Defendants' extra demands for "all documents" (i) referring to any efforts to amend Daniel's Law, (ii) to disputes about the interests in the assignments, and (iii) to Atlas's and the covered person's legal counsel disputes over



Hon. Harvey Bartle, III, U.S.D.J.
In re: Daniel's Law Compliance Litigation (D.N.J.)
June 2, 2024
Page 5 of 6

---

assignments or other matters, and for related testimony go too far. The Troutman Defendants are trawling for any assignment-related fish (and beyond) when they should be casting for a collusion-related fish – the very species of documents and information that Plaintiffs have proposed to supply.

It is important to note that Plaintiffs are proposing to provide substantial information about the context of the assignments, but if the Troutman Defendants want to ask about the motive for the assignments, and whether Atlas ever contemplated federal court jurisdiction as part of any of those assignments, or recalls any discussions about that issue, they can readily ask the 30(b)(6) witness. This is a comprehensive way of providing the Remand Defendants with relevant information on the limited non-merits issue pending before the Court.

The Troutman Defendants also do not like the process that is proposed for providing the discovery – that the Court order a list of documents to be produced along with a deposition of a 30(b)(6) witness on identified topics. However, that is what Plaintiffs thought was contemplated by the parties and the Court during the May 7, 2024 Status Conference when the Court asked for the parties to submit the requests to the Court to be put into an order. *In re Daniel's Law Compliance Litigation (D.N.J.)*, 5/7/2024 Tr. at 46:11-13 and 49:23 to 51:2.

That process is also practical, efficient, and proportional to the limited discovery issue before the Court. Plaintiffs want the process to move fairly and expeditiously. The Troutman Defendants expansive procedure would require the parties to exchange formal discovery demands and responses with all the attendant procedural trappings of those formalities, including negotiating and resolving definitions and time frames, negotiating and resolving custodians and search terms, potentially searching multiple sources of electronic data, and producing and resolving a privilege log. That process is unnecessary and disproportionate to the circumstances presented here.

Most importantly, however, is that it appears that almost all of what the Troutman Defendants seek is contained in Plaintiffs' proposed document production and proposed 30(b)(6) witness testimony. Plaintiffs could produce the documents within days and have a witness available within two weeks.

Plaintiffs respectfully request that the Court enter the proposed order that they have submitted along with this letter.

Respectfully submitted,

**PEM LAW LLP**

  *s/ Rajiv D. Parikh*
RAJIV D. PARIKH



Hon. Harvey Bartle, III, U.S.D.J.
In re: Daniel's Law Compliance Litigation (D.N.J.)
June 2, 2024
Page 6 of 6

---

    c:  Counsel of Record (via CM/ECF and electronic mail)